UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STANLEY BROWN, JR., | ) | CASE NO. 1:06 CV 1762 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| STATE OF OHIO, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On July 20, 2006, plaintiff pro se Stanley Brown, Jr. filed this action under 42 U.S.C. § 1983 against the State of Ohio, Cuyahoga County Court of Common Pleas Judge Janet R. Burnside, and Cleveland Spring Truck Service. In the complaint, Mr. Brown asserts that he is unlawfully incarcerated. He seeks immediate release from prison.

**Background**

The facts supporting Mr. Brown's complaint are difficult to comprehend. He states:

August 31, 2004 was arrested for a wrench cost $169.00 which nothing broken into. My plea not guilty burglary and plea still not guilty. Someone put a false indictment burglary which not supposed to be a such thing. My attorney Patricia Snyder tells me Stanley Brown, Jr. I'm not guilty burglary, Judge tells Attorney Patricia Snyder I am guilty not a logical solution for Judge to lie to appointed attorney now $ 300.00 or $ 500.00 sometimes a role law library Cuyahoga County Jail anything less than $ 300.00 or $ 500.00 is a

> misdemeanor anything over $300.00 or $ 500.00 could be a felony offense. My concern why should I half to argue about my release as a misdemeanor wrench cost $ 169.00 theft offense actually not to say I'm lying I no I ain't lying if I was doing such I would say and I don't do burglary and I'm not satisfied point of concern. Well I would appreciate to consider you read the facts it will say nothing broken into, wrench cost $ 169.00 which means 7 months 20 days county jail time August 31, 2004 to April 20, 2005 Now presently would appreciate when you find out I'm telling the truth to also have my release papers sent earlier release than 6/14/09. Company incident: Cleveland Truck Service 3404 Superior Cleveland, Ohio 44114.

Aside from his use of a preprinted prisoner civil rights complaint form, he gives no indication of the legal claims he wishes to assert.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, it appears that Mr. Brown is disputing the validity of his conviction and is requesting to be released from prison. When a prisoner challenges "the very fact

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

or duration of his physical imprisonment," he must proceed through a petition for a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition under 28 U.S.C. § 2254.

In addition, Mr. Brown does not adequately set forth a claim upon which this court could grant relief. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 20, 2006

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.